IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

HAKIM A. SHAREEF, JR.,

          Plaintiff,

vs.                                 Civil Action No.
                                          5:12-CV-1535 (DEP)

CAROLYN COLVIN, Acting Commissioner
Of Social Security,

          Defendant.

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP            HOWARD D. OLINSKY, ESQ.
300 S. State Street                 EDWARD A. WICKLUND, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN      KRISTINA D. COHN, ESQ.
United States Attorney for the       LAUREN E. MYERS, ESQ.
Northern District of New York       Special Assistant U.S. Attorneys
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 25, 2013, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: September 27, 2013
Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
HAKIM A. SHAREEF, JR.,

                    Plaintiff,

vs.                                  12-cv-1535

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------x
```

Transcript of *DECISION* (Telephone Conference) held on September 25, 2013, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate-Judge, Presiding.

A P P E A R A N C E S

```
For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Syracuse, New York 13202
                      BY:  EDWARD WICKLUND, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  LAUREN E. MYERS, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

                    THE COURT:  Thank you both for excellent
arguments.  This is an interesting case.  I reviewed the
record most carefully, including the medical reports of
plaintiff's treatment.  The plaintiff applied for
Supplemental Security Income, or SSI, Benefits protectively
on October 14, 2009.

                    The plaintiff was born in June of 1985.  He is
currently 28 years of age.  At the time of the hearing lived
alone in Syracuse with no children.  He has a ninth grade
education and has not achieved a GED degree.  He has only as
significant work a period of working as a store stock clerk
in 2008.

                    Plaintiff was hospitalized between
September 21, 2009 and October 15, 2009 in the Montefiore
Medical Center.  The initial diagnosis was psychotic
disorder, not otherwise specified, rule out, among other
things, schizoaffective disorder.  He was assigned a GAF
score of 25 upon his admission.  On his discharge he was
placed on Risperidone and Cogentin and assigned a GAF score
of 50, and additional treatment was recommended.

                    Since May 7 of 2010 he has treated at
Hutchings here in Syracuse, primarily with those working
under Dr. Frey and Dr. Robert Jaworski.  He has visited on
several occasions, including May 25, June 24, September 22,
October 21 of 2010, January of 2011, April of 2011, and

1  that's as far as the records go.  He was also subject to a
2  consultative exam by Dr. Dmitri Bougakov on January 5, 2010,
3  and there was a non-examining opinion rendered by Dr. E.
4  Kamin, a state agency consultant, on January 22, 2010.
5  Dr. Frey, the person as I indicated oversees the claimant's
6  treatment, has rendered two medical source statements; one on
7  January 20, 2011, which I'll note is a year after
8  Dr. Bougakov's opinion, and also on April 29, 2011, which
9  although outside of the relevant period I find nonetheless to
10 be probative concerning plaintiff's condition.
11             The hearing was conducted on February 9, 2011
12 by Administrative Law Judge John Ramos.  He issued a decision
13 on March 11, 2011.  In that decision he applied the familiar
14 five-step analysis for determining disability.
15             Step one he found that the claimant had not
16 engaged in substantial gainful activity during the relevant
17 period.
18             He concluded that plaintiff suffers from a
19 depressive disorder and a psychotic disorder of sufficient
20 severity to meet the requirements of step two.
21             And step three he concluded that neither of
22 those conditions and the limitations associated with them met
23 or equaled any of the listed presumptively disabling
24 impairments, specifically reviewing Sections 12.03, 12.04 and
25 12.06.

He next determined that the claimant has the residual functional capacity to perform a full range of work at all exertional levels. And mentally, the ability on a sustained basis to understand and follow simple instructions and directions; perform simple rote tasks; maintain attention and concentration for simple rote tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with others with no more than occasional contact with co-workers, supervisors and the public; and handle reasonable levels of simple, repetitive work-related stress.

At step four the Administrative Law Judge observed that plaintiff had no significant past relevant work, and in reliance upon principally SSR 85-15 concluded that he was capable of performing simple, unskilled work and was, therefore, not disabled.

During the course of his decision the Administrative Law Judge gave Dr. Frey's opinion from January 2011 little weight, Dr. Bougakov's significant weight and Dr. Kamin considerable weight. He didn't really elaborate, however, on which portions of Dr. Bougakov and Dr. Kamin's opinions he was considering and which portions of Dr. Frey's he was rejecting.

Obviously, I apply a highly deferential standard. The scope of review under Section 405(g) is

limited to determining whether the correct legal standards were applied by the Administrative Law Judge and whether the decision is supported by substantial evidence. The term substantial evidence is defined as, "Such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."

The first argument raised by the claimant is that the Administrative Law Judge improperly rejected the opinions of Dr. Frey, a treating source. Dr. Frey's opinions, of course, are inconsistent; the January 2011 opinion extremely inconsistent with the RFC determination and the April 2011 is even more inconsistent.

When a treating physician such as Dr. Frey is not given controlling weight, his opinions that is, obviously, the Administrative Law Judge has an obligation to explain why that opinion was rejected. In doing so the Administrative Law Judge is informed by the regulations to consider such factors as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the degree to which the medical source has supported his or her opinion, the degree of consistency between the opinion and the record as a whole, whether the opinion is given by a specialist, and other evidence which may be brought to the attention of the ALJ. When a treating physician's opinions are repudiated, the ALJ

must provide reasons for the rejection.

There is no indication that the ALJ considered the factors specified in the regulation. He clearly did attempt to explain why he disregarded Dr. Frey's limiting opinions. In my view, however, his explanation merely picks, cherry picks the best of the records and is not supported by substantial evidence.

I have reviewed carefully the records from plaintiff's treatment at Hutchings and they are extremely consistent, in my view, with the opinions of Dr. Frey expressing plaintiff's feelings of depression, paranoia, auditory hallucinations, confusion, sleep disturbance, and his delusional beliefs that his circulation has stopped, his body was damaged due to chemicals seeping into his head from leaving shampoo on his hair too long, that his brain was dead and that his head was no longer his head.

In my view the error is compounded by the fact that although the Administrative Law Judge gave considerable or significant, I think was the word, weight to Dr. Bougakov's opinions, Dr. Bougakov's opinions are not entirely consistent with the RFC determination in at least two respects.

Dr. Bougakov noted that plaintiff's thought processes were somewhat confusing and tangential in giving information. His attention and concentration were impaired.

His remote and recent memory skills were also impaired. His insight ranged from poor to fair. And, significantly, he rendered a conclusion that plaintiff would not be able to maintain a regular schedule other than on a limited basis and is limited in his ability to make appropriate decisions, relate adequately with others and deal with stress.

So, the ALJ's failure to explain why he rejected those opinions of Dr. Bougakov in his RFC determination compounds the error. The step five determination then must fall because it is predicated on a RFC determination that is not supported by substantial evidence. In my view, had Dr. Frey and Dr. Bougakov been credited, the ALJ would have not properly relied on SSR 85-15 but would have been required to elicit testimony from a vocational expert.

So, I find, in sum, that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, and I will, therefore, grant judgment on the pleadings to the plaintiff.

The plaintiff doesn't seek a directed finding of disability and I conclude that there is not such compelling evidence in the record that would warrant such a directed finding, and so I will vacate the Commissioner's determination and remand the matter to the agency for further

1  proceedings consistent with this opinion.  I'll issue a
2  judgment shortly.
3              And I appreciate the excellent arguments on
4  the part of both counsel.  Thank you.
5              MR. WICKLUND:  Thank you, Your Honor.
6              MS. MYERS:  Thank you, Your Honor.
7                   *         *         *

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, and that the foregoing is a true and correct transcript thereof.

_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter